UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN DOE,<br><br>                          Plaintiff,<br><br>       v.<br><br>KRISTI NOEM, Secretary of the Department of Homeland Security;<br><br>TODD LYONS, Acting Director of the Immigration and Customs Enforcement;<br><br>PAMELA JO BONDI, Attorney General of the United States;<br><br>                         Defendants. | Civil Action No. 1:25-CV-11037-JEK |

## **STIPULATED ORDER**

This Case comes before the Court on the parties' stipulation. The Plaintiff and Defendant stipulate to the following:

1. The Student and Exchange Visitor Information System ("SEVIS") record for Plaintiff in this case has been set back to "active" by the Student and Exchange Visitor Program ("SEVP") within Homeland Security Investigations ("HSI") at U.S. Immigration and Customs Enforcement ("ICE").

2. The reactivation of Plaintiff's SEVIS record shall be considered retroactive to the date of its initial termination, such that there is no gap or lapse in the Plaintiff's SEVIS record. Although the event history will memorialize whatever modifications are made to the SEVIS account, the effect of this retroactive activation is as though the termination did not happen.

3.     To the extent Plaintiff is participating in Optional Practical Training ("OPT") or the STEM OPT extension or curricular practical training ("CPT"), any authorization end date for OPT, STEM OPT, or CPT has been reset to the end date set forth in the Plaintiff's SEVIS record before its termination.

4.     ICE will not, under its new SEVIS policy announced April 26, 2025, re-terminate the Plaintiff's SEVIS records based solely on the National Crime and Information Center ("NCIC") record that led to the initial termination or on any related prudential visa revocation that is effective upon departure (as set forth in Paragraph 5). However, ICE maintains the authority to terminate a SEVIS record for other reasons, such as if a student fails to maintain his or her nonimmigrant status after the record is reactivated or engages in other unlawful activity that would render him or her removable from the United States under the Immigration and Nationality Act ("INA").

5.     As stated in ICE's new policy, "if State revokes a nonimmigrant visa effective immediately, SEVP may terminate the nonimmigrant's SEVIS record based on the visa revocation with immediate effect, as such a revocation can serve as a basis of removability under INA § 237(a)(1)(B)." A visa revocation that is effective upon departure rather than immediately does not establish removability under INA § 237(a)(1)(B), and therefore is not, in itself, a basis for termination of the SEVIS record under the new SEVIS policy.

6.     Pursuant to INA § 221(i), notice of a visa revocation must be communicated to the Department of Homeland Security. DHS has not received any communication from the Department of State that the visa of the Plaintiff in this action has been revoked with immediate effect.

7. The termination and reactivation of a Plaintiff's SEVIS record by SEVP, as set forth in Paragraph 1 of this Stipulation, will not, in itself, have a negative impact on the adjudication of any benefit request by United States Citizenship and Immigration Services ("USCIS"). If, while adjudicating an immigration benefit request, USCIS finds that an F-1 nonimmigrant's SEVIS record was terminated and then reactivated by ICE, USCIS will continue processing the benefit request according to all applicable laws, regulations, policies, and procedures.

8. To the extent USCIS issues a request for evidence, notice of intent to deny, or denial based in whole or part on the termination and reactivation of Plaintiff's SEVIS record, counsel for Defendant agrees to cooperate with Plaintiff's counsel to ensure USCIS is aware of this Stipulation and its terms in connection with its consideration or reconsideration of Plaintiff's benefits request.

9. Defendant shall communicate this Stipulation to the Department of State.

10. This case is dismissed with prejudice. The parties agree to bear their own costs and fees.

May 13, 2025

    Respectfully submitted,

    s/Carl Hurvich
    Brooks Law
    10 High Street, Ste 3
    Medford, MA 02155
    617-245-8090
    Carl@brookslawfirm.com

    Attorney for Plaintiff

    LEAH B. FOLEY
    United States Attorney

    By: /s/ Mark Sauter
    Mark Sauter
    Assistant United States Attorney

United States Attorney's Office<br>
1 Courthouse Way, Suite 9200<br>
Boston, MA 02210<br>
Tel.: 617-748-3347<br>
Email: mark.sauter@usdoj.gov

## ORDER

In light of the parties' stipulation, IT IS SO ORDERED. The clerk shall dismiss this case with prejudice.

May 14, 2025

_____
Julia E. Kobick
U.S. District Judge